UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA WOOLRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 07-911 (RJL) |
| | ) |
| R. JAMES NICHOLSON, United States Department of Veteran Affairs, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant hereby requests that the Court dismiss the Complaint in this action. The reasons for this motion are set forth in the accompanying memorandum in support.

A proposed order is attached to the memorandum.

                                                Respectfully submitted,

                                                JEFFREY A. TAYLOR , D.C. Bar # 498610
                                                United States Attorney

                                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                Assistant United States Attorney

                                                /s/
                                                HARRY B. ROBACK, D.C. Bar # 485145
                                                Assistant United States Attorney
                                                United States Attorneys Office
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
April 23, 2008                              Tel: 202-616-5309
                                                harry.roback@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA WOOLRIDGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civ. A. No. 07-911 (RJL) |
| | ) |
| R. JAMES NICHOLSON, United States | ) |
| Department of Veteran Affairs, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Joshua Woolridge, a *pro se* prisoner, alleges that the Department of Veterans Affairs violated the Privacy Act by failing to safeguard personal information about him that it obtained while he was in the Army. His claim is based on the May 3, 2006 theft of a laptop computer that allegedly contained personal information about Woolridge and many other current and former service members. Woolridge seeks $2,500 in damages.

Three putative class actions based on the same incident are currently pending before Judge Robertson of this Court.[1] *See In Re: Department of Veterans Affairs (VA) Data Theft Litigation*, 06-mc-0506; MDL Dkt. No. 1796 (JR). Woolridge acknowledges that the pending class actions raise the identical claim that he asserts in the above-captioned case, and he appears to be asking this Court to consider him part of the putative class. But if Woolridge thinks that he is (and wants to be) part of the putative class in the *In Re: Data Theft* litigation, he does not need to maintain a separate civil action. Thus, the Department believes that the proper course at this time is for the Court to dismiss his case without prejudice.

---

[1] Defendant is filing a Notice of Related Action herewith.

In the alternative, the Court should dismiss Woolridge's Complaint pursuant to Rule 12(b)(6) for failing to state a claim. Woolridge's Privacy Act claim fails because he has not alleged that the possible release of his information resulted in an adverse effect.

## ARGUMENT

### I. WOOLRIDGE'S COMPLAINT RAISES THE SAME CLAIM AND SEEKS THE SAME RELIEF AS THE *IN RE: DATA THEFT* LITIGATION

"[A] principal purpose of the class-action mechanism is to advance the efficiency and economy of multi-party litigation." *McCarthy v. Kleindeinst*, 741 F.2d 1406, 1410 (D.C. Cir. 1984). Federal Rule of Civil Procedure 23 facilitates this by permitting "one or more members of a class" to sue "as representative parties on behalf of all members[.]" *See* Fed. R. Civ. Pro. 23.

The efficiency of class actions would be undermined if individuals who want to be considered part of a putative class nevertheless file their own separate lawsuit. Accordingly, a district court may dismiss an individual's claim that duplicates the claim asserted in a pending class action. *Goff v. Menke*, 672 F.2d 702, 703 (8th Cir. 1982) (dismissing claim by inmate who alleged that the prison deprived him of adequate exercise time because there was already a pending class action raising the same claim); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (dismissing "portions of [prisoner's] complaint which duplicate the pending class action.") A district court should not, however, dismiss separate claims asserted by an individual or requests by a plaintiff for relief different from the relief sought in the class action. *Id.*; *see also Norris v. Slothouber*, 718 F.2d 1116, 1117 (D.C. Cir. 1983) ("A suit for damages is not precluded by reason of the plaintiff's membership in a class for which no monetary relief is sought.")

There are three putative class actions pending that relate to the May 2006 laptop theft. As Judge Robertson has noted, "all three [suits] purport to be nationwide class actions on behalf

of everyone whose personal information was on the stolen" computer. *See In Re: Data Theft Litigation*, Dkt. 30 at 4. And "in all three cases, plaintiffs seek damages, declaratory and injunctive relief, and attorneys' fees." *Id.* at 5.

In this case, Woolridge believes that he is a member of the putative classes in the *In Re: Data Theft* litigation. (Compl. at 1-2.) He apparently wants to be considered part of the putative classes, and he is seeking the same relief. (*Id.* at 2.) His desire to be part of the putative classes means that he should not have filed a separate civil action. *Goff*, 672 F.2d at 703; *Crawford*, 599 F.2d at 891. The Court should dismiss his complaint without prejudice because he may not seek to be part of a class action while at the same time litigating the identical claim in an individual suit. *Id.*

## II.    WOOLRIDGE'S PRIVACY ACT CLAIM FAILS

The Court should alternatively dismiss Woolridge's complaint under Rule 12(b)(1) for lack of jurisdiction because he has not alleged an injury-in-fact and under Rule 12(b)(6) because he has not alleged that he suffered an adverse effect or incurred actual damages as required by the Privacy Act. *Doe v. Chao*, 540 U.S. 614, 625-26 (1994). In *In Re: Data Theft Litigation*, the Court concluded that the putative class representatives had alleged sufficient harm, including the cost of purchasing credit reports and emotional distress. *See In Re: Data Theft Litigation*, Dkt. 30 at 7. However, in this case, Woolridge has not made any such allegations in his Complaint. Indeed, his Complaint is bereft of any allegation regarding harm that he allegedly suffered as a result of the computer theft. (*See generally* Compl.) His failure to allege any injury or adverse effect precludes his claim under the Privacy Act. *Cf. Warth v. Seldin*, 422 U.S. 490, 502 (1975) (holding that a plaintiff "must allege and show that [he] *personally* ha[s] been injured, not that

injury has been suffered by other, unidentified members of the class to which" he belongs.) (emphasis added); *Doe*, 540 U.S. at 625-26.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in this action.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

            /s/
_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530

April 23, 2008
Tel: 202-616-5309
harry.roback@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on April 23, 2008 I served plaintiff with Defendant's Motion to Dismiss by mailing it to the following address:

Joshua Woolridge
No. P-33283
CALIFORNIA CORRECTIONAL CENTER
Siena Unit Facility / Dorm 5316 Low
P.O. BOX 2400
Susanville, CA 96127

                                         /s/ Harry B. Roback
                                         Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA WOOLRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 07-911 (RJL) |
| ) | |
| R. JAMES NICHOLSON, United States ) | |
| Department of Veteran Affairs, ) | |
| ) | |
| Defendant. ) | |

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion to Dismiss, it is hereby

ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice.

SO ORDERED.

Date:_____                              _____
                                             United States District Judge